Kim Jansen on behalf of Mary McClellan. The plaintiffs in this case filed a motion for sanctions seeking a compensatory award of attorney's fees in September 2013. Before that motion could be heard or decided, however, they reached a settlement on the merits of the underlying litigation pursuant to which an agreed final judgment order was entered which provided for the payment of $550,000 in attorney's fees, specifically providing that this was in full satisfaction of attorney's fees. But it says pursuant to 1988 and I gather there's some evidence in the record, it's alluded to in Judge Bucklow's decision, although she doesn't nail it down as much as she might, but other evidence as well suggesting that this issue of the 1927 extra expenses and the like had been put to one side and so then we get the Grady order awarding those sanctions and the Bucklow order figuring out the amount of money. So isn't the record at least unclear as to whether that $550,000 was supposed to encompass the 1927 issues? There's nothing that I'm aware of in the record that would indicate that those fees pertain to any different activities or actual attorney's fees than the only difference between the two would be the legal basis pursuant to which the fees were sought. So certainly obviously the section 1927 motion for sanctions sought the fees pursuant to 1927, the agreed final judgment order provided for those fees pursuant to section 1988, but nothing in the record seems to indicate, as far as I'm aware, that those relate to any different attorney's fees. It's for the same activities by the plaintiff's counsel to generate those fees. So it seems to me that without some indication that that $550,000 excluded a certain set of activities, to proceed further after that point would be providing the plaintiffs an opportunity to essentially double dip, to be compensated once for the attorney's fees under section 1988 and then to seek compensation for those same attorney's fees again under section 1927. So the plaintiffs do say the agreed judgment order was crafted between the city to specifically exclude the pending sanctions motion. So again, I mean it's not the record I might have wished for, but it seems to me there's some indication this record, and I agree with you, if it's purely compensatory then it can only be compensated once. So to that effect, to that extent, I think you make a perfectly valid point. If it's punitive, different procedures would have been called for, so I think that's a valid point as well. It's just, what does the record show us about what it is? And apart from plaintiffs' counsel's own representation that their agreement intended to exclude these other fees in some way or form, there's nothing actually in the record that shows that. The final judgment order itself simply says in full satisfaction of the reasonable attorney's fees and costs. Well, wasn't there an April 30th hearing in front of Judge Grady too, where it is actually not just some private understanding, both parties say that, and Judge Bucklow mentions in her footnote that, I mean it would sort of be an easy way to get rid of the whole case if they'd already been covered, and she says no, Judge Grady knew all about this, it's separate. Prior to the entry of the final judgment, when the plaintiffs and the city of Chicago had reached at least in principle an agreement on a settlement and had not yet resolved the issues of attorney's fees, yes, there was a hearing at which Judge Grady said, let's put that all to the side for now, figure out attorney's fees, and come back. When they came back with their agreed final judgment, their agreed final judgment said nothing more than this covers all the fees. It didn't say this covers all the fees, except for those unreasonable conduct, it simply says for all the reasonable attorney's fees and costs. So I think without something in the record to clearly show that those fees were in fact accepted from that final judgment, I think the safer inference is that full satisfaction means exactly what it says. You know, I understand that Ms. McLennan has a reputational interest, believe me, I understand that, but how is there a live controversy on any issue that would be related to the monetary sanctions? What I'm not understanding is why you're arguing about the district court's jurisdiction to enter the award when the county is already paid and no one is seeking the return of the money. Shouldn't your argument be limited to the reputational interests? Well, we're certainly not seeking for a repayment of the funds, which we wouldn't have standing to ask for that. The state's attorney's office paid that. But if the district court didn't have jurisdiction because those had already been paid, then the sanction order itself, the order that in fact affects Ms. McLennan's reputational interests, should never have been entered. But I don't see a jurisdictional problem with it. There could be a mistake if it was double recovery, but that's not jurisdiction. District courts have jurisdiction to entertain 1927 motions and Rule 11 motions and other motions that arise out of the conduct of litigation that was otherwise appropriately before them. And so the district court itself had jurisdiction. Now whether we have appellate jurisdiction, whether the financial thing is entirely moot, or whether we instead need to look at your petition for writ of mandamus and just consider whatever we can consider under that is, I think, a more interesting question. Certainly. And I'm happy to turn to that as well. I do think that sort of to bridge between the two arguments that Clark applies as well to the question of the district court's jurisdiction as it does to this court's jurisdiction in that if all issues had been resolved by the then at that point that the case became moot, the motion for sanctions became moot, which the fact that it sat for six months. But that's a different kind of mootness from saying that the district court had no jurisdiction to entertain a 1927 motion that arose out of it. It absolutely had jurisdiction to do that. Whether the judgment, once something becomes moot at the appellate level, requires the court to go back and vacate everything is something that the Supreme Court has talked about in cases like Munsingware and other cases. And sometimes that happens and sometimes it doesn't is the short of it. Sure. So moving to this court's jurisdiction, which is obviously also quite important. As you acknowledge, we do have a pending mandamus petition before the court, which this court has consolidated with the direct appeal. So in some sense, obviously it's important to the court to determine which basis for jurisdiction lies. But in some sense, it's academic because But it's not academic because the standard under which we would be reviewing everything is far less favorable to you under mandamus. It's really got to be egregiously out of line before we would intervene that way. Sure. Okay. And our position is that, yes, the Cook County State's Attorney paid the sanction. It was a sanction entered against Ms. McClellan individually and against the office, yeah. Obviously Ms. McClellan had no way to prevent the state's attorney from doing that. That's their right to be done with the case from their perspective. But she had a right as well to proceed with her appeal. And in Clark, this court suggested that the attorney's reputational interests were not sufficient to preserve Article III standing, to prevent mootness over a case. But this court appears to be the only circuit that holds that. The majority of the circuits, some are very, very lenient and any sort of challenge to the attorney's reputational interest is enough. I think the majority hold that it has to be some sort of concrete, a sanction order or an affirmative order finding misconduct on the part of the attorney. But we have that here. We have an order specifically finding sanctionable conduct. She's not seeking to appeal from merely a finding. She's seeking to appeal a specific order which is, of course, final once all the remaining issues in the case were resolved. The Bolt case was purely a question of finality. That's not applicable here. And we would suggest that Clark is contrary to the overwhelming majority of the circuits. I do see I'm entering my rebuttal time, so I'd like to resign. Yeah, you can stay for the minute. That's fine. Thank you. Yeah, Mr. Cossaglad. Thank you. May it please the Court, my name is Jared Cossaglad, plaintiff's. Can you answer this bottom line question? Did the plaintiff recover twice for the attorney's fees expended on this discovery dispute? It seems that the final judgment included a complete award of fees and then Judge Brady awarded them again for this discovery violation. No, Judge, that's the answer to your question. There was no agreement was crafted. It was specifically done to exclude the sanctions motion that was then pending. What evidence do we have in the record that we can actually, you may remember that, I'm not questioning your word, but we need evidence of that. Well, I think that in terms of what we would look at, we'd look at the agreed, the judgment order itself. And in the judgment order itself it says that the parties have resolved the issue of attorney's fees with respect to any that might be entitled under Section 1988 against the city. But 1988 includes discovery disputes. That's a big part of what attorney's fees are spent for in most cases. It's specific to the City of Chicago and it's also specific to them as indemnitor and their obligation to pay for, under that statute. So your position would be the City of Chicago didn't have any legal responsibility or authority to pay state's attorney's office fees? I'm not sure. Why isn't it just a discovery dispute? Well, because it is a discovery dispute, but there were a lot of excessive fees that were incurred because of the state's attorney's misconduct in the case. And so the city did not agree to pay for those excessive fees under Section 1988. They only have to pay for the reasonable cost of litigation. Excessive costs caused by other parties don't necessarily fall under that. Are there filings that would give us a hint of this or is this just all private settlement discussions? Yes, it's private settlement discussions. We attempted to raise some of the private settlement discussions in our reply with Judge Bucklow, which she referenced, and she said she wouldn't consider in her order. Because the only chance we had to actually raise these issues was when in their response to our petition for the excess fees of $35,000, they raised this as an issue. So in our reply we attempted to explain that this was not a double recovery. We are only recovering once. Is your argument that a lawyer can only, the only remedy for being found to have engaged in unethical behavior but not having been fined, the only remedy is mandamus? Yes, Judge. I don't get that. Well, I think that's what the... Because if you, if this kind of judicial public, you know, order, public order severely reprimanding a lawyer does a great deal of harm. And in fact it does financial harm. This is, you know, it would be harder for her to make money as a lawyer if she has this in her record. So why shouldn't that be enough injury to confer jurisdiction? Well, because I think that under Article III there's no case or statute that if you're, if you're, if you have been severely reprimanded by a judge that's a harm to you. Absolutely, but it's a dispute. Well, are you saying that if she says that he, that it was an inaccurate denunciation of her then that would confer jurisdiction? I'm sorry, I don't understand the court's question. If it was inaccurate? Well, if, if she is severely reprimanded and she believes that it's unjust to reprimand her so severely as she does, then isn't that enough harm to her to confer jurisdiction? We would argue not on a direct appeal. But why? I don't understand. Because it's a serious harm. Because her dispute is not with the parties who are part of the case. Her dispute is with the language used by the district court. But that's true with all sorts of appeals that are in this ancillary area whether it's a lawyer being held in contempt or whether it's, you know, a Rule 11 issue. Oftentimes the underlying dispute of the parties is really off there on the side and what the court's doing is its own business. But if the court overreacted and was pinning something on a particular lawyer, her in this case, that really wasn't fair to do, your sense is that she just has to take her lumps and go on in life? She should file a writ of mandamus. That's what we want. Yes, but I don't understand why the mandamus standard is appropriate. You're injured, you want relief. I don't see what the difference is between a professional injury of this sort and a monetary injury. If the court were to find that Judge Grady abused his discretion in sanctioning the respondent, the plaintiffs in this case have no real interest in the outcome of that. So it's one thing to say she has an injury. I agree, she has a serious injury. It's another thing to say who should be defending that appeal. And I don't think that the plaintiffs in this case... So you're in a funny position is essentially what you're saying, that it's not something you have a huge stake in. We don't want to be here. We filed motion to dismiss this appeal because the reality is the sanction was only $35,000. Continuing to litigate this is frankly eating them up. So it's not financial, there's no financial incentive for my client to continue. They certainly weren't paying me to do the case in the first place on an hourly basis. And so why should we be here defending Judge Grady's order against a specific attorney? The state's attorney's office paid the sanction. I don't think you have to defend the order necessarily, but she needs to have some way of getting an appeal. How is she supposed to? I might be above my pay grade, Judge. Honestly, I think that that's up to the court. I mean, I followed the rules in the Clark. I mean, there is a proceeding and of course the city is a party and this issue has arisen. So, and she's heard and she appeals and you could defend Judge Grady if you thought this was a good thing. You could side with her because after all it's, you know, it reflects badly on the city. She's been sanctioned like this. But you're the attorney for the plaintiffs, right? You're not representing the city. Right, the city's not here. Yeah, the city's not even here. The state's attorney's office is not here. The city didn't file a brief and why would they? I mean, we want, the city and us wanted to be done with this case and move on with it. There was this issue, this collateral issue of what about the seventh month of litigation that was caused by the state's attorney's office making false representations to Judge Grady and us about this file. So you think her only remedy is to file mandamus? I think so, yes. That should be her only remedy. If there was a monetary sanction still in existence that wasn't mooted by the payment of it, then there'd be a different issue. And you're saying this because of the Clark decision. Right, you know. It's so artificial because you say if there was a money, if she then she'd appeal and you'd defend it, try to save your money, right? But if it's this, if it's an injury which is serious as a fine, you're saying, I don't see why that, whether you call it mandamus, whatever you want to call it, I don't see why that should require a higher standard of proof for her. I don't know about, I don't know if it should require a higher standard or not, but as far as it being an adversarial contest between two litigants, why should a non-party's lawyer be allowed to perpetuate litigation indefinitely when the parties themselves have actually resolved it? They shouldn't be allowed to. They should, there's no Article III controversy. No, I think that's a good argument, but my concern is that she ought to have, she ought to have a and it shouldn't have a higher standard of proof than there would be if she were complaining about a fine. That's the thing. Now maybe you just have no interest in that. The only thing I would say to that is, and I don't think there's any material interest, but is that in this case I would say that whatever standard you evaluate the conduct under, that sanctions were appropriate. That what? That sanctions were appropriately awarded against the respondent based on what happened in the district court. I can't hear you. Excuse me, that sanctions were appropriately awarded in the district court by whatever standard you evaluate it under. If it's a lower standard or a higher standard, it doesn't make any difference because there were false statements repeatedly made throughout the course of seven months. So in fact, you'd be happy to appear in the litigation and appear on the appeal and trash her, right? Excuse me? You'd be happy to trash her on an appeal. I'm no interest in trashing anyone's reputation. Why would I be happy to do that? Well, you had this fight with the city. She's part of the city. She's part of the state's attorney's office. Pardon? She's with the state's attorney's office. She's not part of the city, right? It's a separate office. It's a separate entity altogether. She was with the prosecutor's office and that was one of the big objections we had was they shouldn't have had any interest in hiding this file or in not telling the truth. And if they had ever come forward and simply said there should be a file, it's been misplaced and we can't find it, that probably would have ended everything. But they didn't do that. They kept saying it. But she hurt the state. She hurt the state's attorney's office. Yeah. Certainly. So why wouldn't that be the suitable adversary in her appeal? They're not a party. They're a third-party discovery respondent. Okay, thank you very much. It's a little crazy, isn't it? Thank you. Anything further, Ms. Jansen? I will try to be brief. The Supreme Court's precedent has made clear that to have a case of controversy you don't need a big, enormous... Yes, but the issue is who's going to be the adversary? She complains that she's been wronged by the district judge. Then is there going to be an adversary? I mean, should we appoint an amicus curiae to oppose McClellan or what? I think that's honestly an excellent question, although Mr. Koseglad has ably stepped up to the plate and has shown that he's willing and able to vigorously stand as an adversary. But I think that question points to why Clark is actually a double-edged sword in this case. If, in fact, the attorney's fees are the only interest that the plaintiffs had in the sanctions motion, then there was no case or controversy at the time that the sanctions motion was, in fact, at the time Judge Grady entered his order. If that was their only interest in the Section 1927 sanctions, then there was no case in controversy once the agreed final judgment was ordered. Very briefly, in terms of the merits of the actual sanctions, counsel has argued that even if everything is jurisdictionally appropriate, that sanctions were properly entered. Counsel has actually not disputed that Ms. McClellan didn't receive notice as to at least two of the bases upon which Judge Grady entered the sanctions order, the overstatement of time and resources and the purported, quote, bogus objections. He's offered minimal argument as far as notice regarding the purported denial of reasonable accommodations. And as far as the, you know, purported misstatement as to whether the $180— But who is your adversary exactly? It would appear to be Mr. Kosoglad on behalf of the plaintiffs in this case. Well, originally, yes, because there was money on the table and it would have gone to the plaintiffs. Now that the money is off the table because of the joint and several liability in the payment, she's in the position where it's really the district judge's assessment that she's challenging because of the reputational effects. And it's almost one of those in-ray district court kinds of things where somebody has to defend the district judge's evaluation, somebody who still cares, maybe the district court's evaluation of the behavior. I appreciate that point. And the only thing I can say in response is that, again, I believe that once the agreed final judgment provided full satisfaction of the attorney's fees, the monetary portion was off the table. So either it was unnecessary to the district court's jurisdiction and is unnecessary to jurisdiction here, or it defeats the jurisdiction of both courts and the district court's decision should be vacated. I see I'm out of time unless the court has further questions. No, thank you. Thank you very much. Thanks to both counsel. We'll take the case under advisement.